## DeBaun v. Davis.

**Note — Assignment — Notice.**

If the payments were made by the obligors before the note was in fact assigned and transferred, or before they had any notice of the assignment, they were entitled to a credit for such payments.

APPEAL FROM MERCER CIRCUIT COURT.

October 6, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

On the 7th day of January, 1861, Timothy Corn and S. P. DeBaun executed their note to John C. Dean for $110, payable ten months after date, and on the day the note bears date John C. Dean, by his written indorsement, assigned it to James M. Dean, who afterward delivered it to Jobe Dean, without any written assignment, and he assigned it to appellee by his written indorsement of the 4th of February, 1861.

Upon this note appellee brought suit against the obligors and James M. Dean; the first assignee, S. P. DeBaun, demurred, and assigning as cause of special demurrer the want of the proper parties as plaintiffs, and his demurrer being overruled he answered and stated that his co-obligor was dead, but had paid to W. B. DeBaun, who was, as he alleges, a joint assignee with J. M. Dean, and to whom J. M. Dean afterward assigned his interest therein, $20, on said note, December 26, 1861, without any notice or knowledge that said DeBaun and Dean had parted with the note, and that he, said S. P. DeBaun, had on the 15th day of January, 1862, paid to said W. B. DeBaun $60 on said note without any notice of the transfer of the same to plaintiff. He denies that the note was assigned to appellee on the 4th of February, 1861, but says it was not so assigned until the 4th of February, 1862, and that said assignment is antedated; denies that John Dean ever owned the notes, and says it was placed in his hands to collect on it $24 that W. B. DeBaun owed him, and asks for a credit on said note for two amounts claimed to have been paid.

The receipts for the two payments to W. B. DeBaun are filed, and the payments are not controverted in the reply nor allegation in the answer that the assignment to appellee is antedated, denied.

The issue of fact was submitted to the jury and they, having found a credit in favor of appellee for the full amount of the note, and a judgment having been rendered in accordance therewith, DeBaun, the obligor, has appealed.

·No objections or exceptions were taken to the evidence by either party, and as the appellant's demurrer to the petition was properly overruled, our inquiry is confined to the ruling of the court in giving instructions, whether or not they were prejudicial to appellant. It seems from the bill of exceptions that the instructions asked for by both parties were overruled, and the court gave such as he thought applicable to the case, and the appellant excepted to the opinion of the court in overruling those he asked and in giving those that were given.

If the payments were made by appellant and his co-obligor before the note was in fact transferred to Jobe Dean, and by him assigned to appellee, or before they had notice of such transfer and assignment, they were entitled to credit for such payment; this proposition was embraced in the first instruction asked by appellant, but was overruled and was ignored in all those given by the court, which was erroneous and prejudicial to appellant.

Wherefore, the judgment is reversed, and the cause remanded, with directions to award a new trial and for further proceedings consistent herewith.